Scribner, J.
The defendant in error, Philip Cooper, was injured on June 20, 1892. On that day he was driving- with his daughter in a two horse wagon loaded with wool.He had come off from Dorr street and proceeded easterly to Washington street and was thence passing along on the southerly side of the street between Fourteenth and Thirteenth streets. When about midway between the two streets, one of the motor cars of the plaintiff in error came along behind him and ran into his wagon, breaking and injuring the wagon, throwing down one of the horses and injuring it, and throwing the plaintiff below, Cooper, from his wagon upon the curbstone, as he alleges and severely injuring him.
At the time of the collision, Mr. Cooper was driving with the two northerly wheels of the wagon upon the track and the southerly wheels on the outside of the southerly track, so that he was in fact astride, that is, the south wheels, of the southerly track. The claim of the plaintiff was that no signal was given and no knowledge whatever of the approach of the motor car; that he was keeping somewhat of a lookout for the approach of the cars, but heard nothing of the approach of the car and heard nothing of any signal and had! no knowledge that the car was approaching until it struck his wagon — the hind wheels of his wagon and brought upon him the injury of which he complains. The claim of the plaintiff is that he was injured in this manner as he was thus traveling along partly upon the track of the plaintiff in error. By his own testimony and that of his daughter and also of three other witnesses, James Frederick Wilhelm and Frederick Hennig, in fact, all these three -witnesses testify in the most positive manner that they were looking at the wagon as it was passing along and also- at the motor car as it approached, and that no signal of its approach was given and that the motor car ran on to the hinder parts of the wagon, as the plaintiff claims. The three witnesses ¿other than the plaintiff and his daughter concur in stating the facts to bé as the plaintiff and his daughter claim them to be.
On the part of the defense, the motorman and conductor testify. They say in substance that about the time of leaving Fifteenth street which was further to the west than the point where the accident occurred, the motorman did ring his gong. The motorman testified to the same thing, giving as a reason therefor, that he. was apprehensive that the plaintiff below who was about a block ahead of him, might turn across the street and go into Fourteenth street which was the street next east. But he says, however, that he did not ring his gong after that, and that the plaintiff was driving, not upon the track in part but between the track and the curbstone on the southerly side, so that, as he claims, and as the conductor claims, there was ample room between the track and the curbstone for the plaintiff to pass with his wagon, and he, supposing that the plaintiff must have knowledge of his approach, and that he would not pass upon the track so as to be in danger, did not ring the gong. But they say, as this wagon approached in the vicinity of Fourteenth street, the plaintiff suddenly wheeled his horses to the left so as to be *825 going diagonally across the track, and that he was then, or the car was then within about ten feet of the horses and wagon and that there was no time to give them notice other than he did give and that he gave such notice as the circumstances would admit of, but that he ran immediately into the wagon, and the injury, such as it was, resulted, those ^witnesses, however, denying that the injury was as severe and as extensive as the plaintiff claims.
This was substantially the testimony. There was some other evidence as to the situation there — as to how the tracks were constructed, how near they were to the sidewalk, etc., but there were no other witnesses who had any knowledge of the accident or of the circumstances connected with it than those I have spoken of. So that as the case went to the jury, there was the testimony of five witnesses directly and positively supporting the plaintiff’s claim, and three of them being strangers and disinterested witnesses, and all agreeing in the statement that the plaintiff was simply jogging along with a two horse wagon astride the southerly rail of the track; that the motorman and conductor, with the wagon in full sight, the plaintiff’s view being obstructed by the wool that was piled up behind him, deliberately ran into him and made no effort to avoid him; that they got to near it was absolutely impossible to do it. There were five witnesses testifying to this, and the motorman and conductor contradicting the plaintiff and his witness mainly upon the proposition that he turned on to the track just before they reached Fourteenth street when it was too late to stop the car.
Now, upon that direct issue made between these witnesses, a verdict was rendered for the plaintiff, and it appears to us that it was manifestly sustained by the weight of the evidence in the case and we see nothing to indicate that the witnesses on either side — that the plaintiff 'or his daughter had in any particular misrepresented the facts.
After the testimony was concluded, tlie counsel for the defendant below, made certain requests — twelve in, number. The plaintiff also made some requests — some two or three in number, asking instructions be given to the jury. The court refused to give the instructions asked by the plaintiff and refused to give the instructions asked by the defendant except in so far as they were embodied in the general charge given by the court. But thirteen requests, according to the bill of exceptions, were given to the jury. The charge given by the court was very carefully prepared. It was very full. It goes over all the ground and touches every material point, and shows in all respects careful deliberation and preparation on the part of the court as he treated the important questions. There were no exceptions to the charge ol the court as given. There were exceptions to the refusal of the court to charge the twelve requests that had been submitted in the form in which they were presented. Complaint is particularly made to the refusal of the court to charge the eleventh request, but we cannot see any error in the action of the court in respect to the law of the case. As I have said, a vei-y careful charge was well considered and, fully and intelligently presented and was given to the jury and it embodied substantially all the material matters to which plaintiff in error was entitled as embodied in its requests and without dwelling upon the questions presented, we. see no way of avoiding the conclusion that the verdict and judgment in this case must be affirmed and it is so ordered.